755 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NORMAN W. JONES, JR., PLAINTIFF-APPELLEE, CROSS-APPELLANT,
v.
WILLIS OPPERMAN, JOHN THOMPSON, JR., AND LOCAL 226,
AMALGAMATED CLOTHING & TEXTILE WORKERS UNION, AFL-CIO,
DEFENDANTS-APPELLANTS, CROSS-APPELLEES, AND INMONT
CORPORATION, DEFENDANT-APPELLEE, CROSS-APPELLANT, AND JOINT
BOARD, AMALGAMATED CLOTHING & TEXTILE WORKERS' UNION,
AFL-CIO; TOLEDO JOINT BOARD, TEXTILE WORKERS, UNION OF
AMERICA; OHIO STATE JOINT BOARD, AMAGAMATED CLOTHING &
TEXTILE WORKERS' UNION, AFL-CIO; AMALGAMATED CLOTHING &
TEXTILE WORKERS' UNION, AFL-CIO; AMALGAMATED & TEXTILE
WORKERS' UNION, AFL-CIO-CLC, DEFENDANTS-APPELLEES.
 NOS. 82-3409, 82-3432, 82-3433
 United States Court of Appeals, Sixth Circuit.
 1/8/85
 
 Before: LIVELY, Chief Judge, EDWARDS, Circuit Judge, and TAYLOR,* District Judge.
 PER CURIAM.
 
 
 1
 This case is before the court on plaintiff's appeal and defendants' cross-appeal from judgment by the District Court entered on a jury verdict. Plaintiff claimed damages under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185 (1982) for wrongful discharge and, as to the union defendants, breach of the duty of fair representation. The jury awarded judgment to Jones in the amount of $42,500. No judgment was returned on plaintiff's claim under Sec. 1 of the Civil Rights Act of 1866, 42 U.S.C. Sec. 1981 (1982). Jones' claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000(e) (1982), was dismissed as untimely.
 
 
 2
 Jones now appeals from the grant of summary judgment to the International Union, Amalgamated Clothing and Textile Workers Union, AFL-CIO, CLC ('ACTWU'), the denial of a new trial under 42 U.S.C. Sec. 1981, and dismissal of his Title VII claim. Defendants cross-appeal from the judgment rendered against them under Sec. 301 of the Labor Management Relations Act.
 
 
 3
 The facts involving Jones' dispute with both Inmont Corporation and the Union would unduly burden this record. This court has now decided that the six months' limitation period in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 106(b) (1982), should be retroactively applied to hybrid Sec. 301 actions pending at the time the Supreme Court laid down its rule applying this limitations period in DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 103 S.Ct. 2281 (1983). Smith v. General Motors Corporation, No. 82-1822 (6th Cir. November 2, 1984) (en banc). Under any version of the facts, Jones' Sec. 301 claim was filed more than six months after his cause of action accrued. The cross-appeals must, therefore, be granted.
 
 
 4
 As to assignments of error not foreclosed by retroactive application of DelCostello, the Title VII claim was properly dismissed as untimely, and the District Court did not abuse its discretion in declining to grant a new trial under 42 U.S.C. Sec. 1981.
 
 
 5
 The judgment in favor of Jones under Sec. 301 of the Labor Management Relations Act is reversed.
 
 
 
 *
 Honorable Anna D. Taylor, United States District Judge for the Eastern District of Michigan, Southern Division, sitting by designation